594 S.E.2d 157

**In the Matter of C.T. WOLF, Respondent.**

No. 25768.

Supreme Court of South Carolina.

Submitted Dec. 8, 2003.

Decided Jan. 12, 2004.

Henry B. Richardson, Jr., and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for the Office of Disciplinary Counsel.

C.T. Wolf, of North Myrtle Beach, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction permitted

by Rule 7(b), RLDE. We accept the agreement and disbar respondent from the practice of law in this state.[1] The facts, as set forth in the agreement, are as follows.

## Facts

### I. Misappropriation of Funds Matter

Respondent was retained by a client to assist her with the estate of her common law husband. Respondent received $22,275.57 from one of the husband's bank accounts and deposited those funds into respondent's trust account. Thereafter, respondent misappropriated and converted the entire amount to purposes other than those for which they were intended.

Respondent subsequently directed the bank to close the trust account. He then presented the client with a check, in the amount of $22,275.57, from the closed account. The check was returned due to the fact that the account had been closed and contained insufficient funds. Respondent provided the client with a letter of explanation which stated respondent had closed a real estate matter, the client's funds were in the trust account from which disbursements were made on the real estate matter, the lender in the real estate matter failed to wire the funds into the trust account, the lender was supposed to wire approximately $62,000 into the trust account, and if the lender did not wire the funds within the week, respondent would pay the client from personal assets.

Two weeks later, the client, who had not been paid, confronted respondent. Thereafter, respondent presented the client with a check for $12,000, drawn on his mother's home equity account, and a promissory note for the balance. As collateral, respondent gave the client the title to his boat and informed the client that she could sell the boat if respondent had not honored the promissory note by the following week. Respondent subsequently gave the client a cashier's check for the balance due and she returned the title to the boat.

Respondent admits he misappropriated the client's money and that the information he provided in his letter of explana-

---

1. By order dated November 22, 2002, respondent was placed on interim suspension.

tion contained false and misleading information for the purpose of delaying the client until respondent could acquire funds to pay her.

## II. *Fee Dispute Matter*

Respondent was retained to represent a client in a post-conviction relief matter. A fee agreement was prepared which indicated the fee would be $4,000. Thereafter, the client's mother met with an employee of respondent, paid $11,000 by way of two checks, and was given a receipt.

The client's wife later filed a complaint with the Resolution of Fee Disputes Board, alleging respondent failed to work on the case. In response to an inquiry from the Board, respondent represented that he had only received a payment of $4,000. Ultimately, the Board ruled that respondent must refund $10,000 of the fee paid. The Board notified the Office of Disciplinary Counsel of respondent's misrepresentation regarding the amount received.

An investigation by the Office of Disciplinary Counsel, which included an examination of respondent's financial records, revealed respondent received an $11,000 payment. Respondent thereafter admitted he received $11,000 and admitted he owed a refund of $10,000 of the fee paid.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a

ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to willfully violate a valid order of the Supreme Court, Commission or panels of the Commissions in a proceeding under these rules, willfully fail to appear personally as directed, willfully fail to comply with a subpoena issued under these rules, or knowingly fail to respond to a lawful demand from a disciplinary authority, to include a request for a response or appearance under Rule 19(b)(1), (c)(3) or (c)(4)); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent. Within thirty days of the date of this opinion, respondent shall make restitution to the victims whose funds were misappropriated as well as the Lawyers' Fund for Client Protection for any amounts the Fund has paid to the attorney appointed to protect the interests of respondent's clients and any other amounts the Fund may have paid on claims resulting from respondent's misconduct in connection with this matter. Failure to make restitution in accordance with this opinion may result in respondent being held in contempt of this Court. Moreover, respondent shall not apply for readmission unless and until all such restitution has been paid in full.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.