626 S.E.2d 802

**In the Matter of Marlene T. SIPES, Respondent.**

No. 26110.

Supreme Court of South Carolina.

Submitted Dec. 28, 2005.

Decided Feb. 6, 2006.

Rehearing Denied March 9, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Charles N. Pearman, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Marlene T. Sipes, pro se, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction pursuant to Rule 7(b), RLDE, Rule 413, SCACR. The facts, as set forth in the agreement, are as follows.

### *FACTS*

#### *Matter I*

Respondent represented Complainant A's ex-wife in divorce proceedings between Complainant A and his ex-wife. As part of the divorce settlement between Complainant A and his ex-wife, Complainant A agreed to pay $22,000 to his ex-wife to extinguish a portion of the parties' $40,000 marital debt with the understanding that his ex-wife would pay off the entire marital debt using Complainant A's $22,000 and her own funds for the balance.

In December 2003, respondent received the $22,000 from Complainant A and placed those funds in her trust account.

The balance in the trust account prior to the deposit of the $22,000 was $0. Respondent then transferred $2,200 from her trust account to her personal account which, according to notations on respondent's bank statement, represented a "10% debt settlement fee." Neither Complainant A nor his ex-wife agreed to, were advised about, or were even aware of the "10% debt settlement fee."

From December 2003 through April 2004, respondent transferred client funds totaling $14,600 from her trust account to her personal account. The $14,600 was not used to pay the marital debts of Complainant A and his ex-wife or for any other benefit to Complainant A and his ex-wife. The funds were used for respondent's own personal benefit.[1] Respondent diverted a total of $19,311.67 in funds belonging to Complainant A and his ex-wife from her trust account to her own personal use without knowledge or acquiescence of Complainant A and his ex-wife.

From January 2004 through April 2004, respondent made two deposits of personal funds totaling $7,900 into her trust account. From December 2003 through April 2004, respondent made payments to Complainant A and his ex-wife's creditors totaling $8,475.26 using funds paid into the trust account by respondent.

Impermissible interest earned on the trust account funds was credited to respondent by the bank on a monthly basis. The interest was retained by respondent and not remitted to the South Carolina Bar in accordance with Rule 412, SCACR.

At the end of April 2004, the balance in respondent's trust account was $17.59 when the amount of client funds belonging to Complainant A and his ex-wife should have been $13,524.75. Respondent acknowledges she did not have this amount in cash or on deposit in any bank account at the end of April 2004.

From May 2004 through the present, respondent has made additional payments of $5,096.32 to Complainant A and his ex-

---

1. In March 2004, respondent paid off her Lowe's credit card balance of $1,897.52 with client funds using a check drawn on her trust account. In April 2004, respondent paid $600 in filing fees for other clients out of her trust account; there are no corresponding deposits to the trust account for these amounts.

wife's creditors. The total amount paid by respondent to date on behalf of Complainant A and his ex-wife is $13,571.58. Respondent does not have the balance of Complainant A and his ex-wife's funds of $8,428.42 in her trust account or elsewhere and, in fact, her trust account has reached a $0 balance and has been closed by the bank. As a result of respondent's actions and inactions, Complainant A and his ex-wife's credit ratings have been severely impaired and the majority of their $40,000 marital debt remains outstanding.

In May 2005, ODC issued a subpoena to respondent requiring the production of certain bank records including reconciliations, check stubs, deposit slips, and trust account ledgers. Respondent produced some of the requested information but could not locate, and therefore, could not provide, much of the information, notwithstanding the maintenance of documentation required by Rule 417, SCACR. Respondent has completely failed to reconcile her trust account has failed to comply with other requirements of Rule 417, SCACR.

## Matter II

Respondent represented Complainant B in a divorce action. Over the course of the representation, Complainant B repeatedly attempted to contact respondent via telephone, e-mail, and through third parties. Respondent frequently failed to respond to Complainant B's communications, thereby failing to properly and reasonably communicate with Complainant B regarding the status of her case.

---

In 1989, respondent was suspended from the practice of law for one year. *In the Matter of Sipes,* 297 S.C. 531, 377 S.E.2d 574 (1989). In 2003, respondent received a letter of caution with a finding of minor misconduct citing Rule 1.16 of Rule 407, SCACR.

## LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with

reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (lawyer's fee shall be reasonable); Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent further admits her misconduct violated Rule 417, SCACR. She agrees her misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

In addition, within thirty (30) days of the date of this order, ODC and respondent shall file a restitution plan with the Court. In the plan, respondent shall agree to pay restitution to all presently known and/or subsequently identified clients, banks, and other persons and entities who have incurred losses as a result of her misconduct in connection with this matter. Moreover, in the restitution plan, respondent shall agree to reimburse the Lawyers' Fund for Client Protection for any claims paid as a result of her misconduct in connection with this matter.

**DISBARRED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.

## ORDER

By opinion dated February 6, 2006, respondent was disbarred from the practice of law. *See In the Matter of Sipes,* 367 S.C. 368, 626 S.E.2d 802 (2006). The Court hereby appoints an attorney to protect respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that Zoe Sanders Nettles, Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Ms. Nettles shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Ms. Nettles may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that Zoe Sanders Nettles, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Zoe Sanders Nettles, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Ms. Nettles' office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

/s/ James E. Moore, J.
FOR THE COURT