661 S.E.2d 384

**In the Matter of Theodore Scott GELLER, Respondent.**

**No. 26488.**

Supreme Court of South Carolina.

Submitted April 25, 2008.

Decided May 12, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

Theodore Scott Geller, of Worcester, MA, pro se.

PER CURIAM.

By way of the attached order of the Supreme Judicial Court for Suffolk County, Commonwealth of Massachusetts, respondent was disbarred from the practice of law in Massachusetts.

The Clerk of this Court sent a letter via certified mail to respondent notifying him that, pursuant to Rule 29(b), RLDE, Rule 413, SCACR, he had thirty (30) days in which to inform the Court of any claim he might have that disbarment in this state is not warranted and the reasons for any such claim. No response was received. The Office of Disciplinary Counsel

filed a response stating it has no information that would indicate the imposition of identical discipline in this state is not warranted.

We find disbarment is the appropriate sanction to impose as reciprocal discipline in this matter. *See In the Matter of Sipes,* 367 S.C. 368, 626 S.E.2d 802 (2006); *In the Matter of Wolf,* 357 S.C. 399, 594 S.E.2d 157 (2004); *In the Matter of Edwards,* 323 S.C. 3, 448 S.E.2d 547 (1994). We also find a sufficient attempt has been made to serve notice on respondent, and find none of the factors in Rule 29(d), RLDE, Rule 413, SCACR, present in this matter. We therefore disbar respondent from the practice of law in this state, retroactive to December 20, 2007, the date respondent was disbarred from the practice of law in Massachusetts.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

## AMENDED JUDGMENT OF DISBARMENT

This matter came before the Court, Cowin, J., on an Affidavit of Resignation submitted by Theodore S. Geller pursuant to S.J.C. Rule 4:01, sec. 15(2) with the Recommendation and Vote of the Board of Bar Overseers filed by the Board on December 17, 2007. On December 20, 2007, this Court entered a Judgment of Disbarment accepting the lawyer's Affidavit of Resignation and disbarring the lawyer from the practice of law in the Commonwealth retroactive to November 15, 2007, the date of the lawyer's temporary suspension. Bar Counsel, on January 3, 2008, filed with the Court a letter requesting that the Court amend the December 20, 2007 Judgment of Disbarment, stating that the lawyer failed to comply with the temporary order of suspension.

94

The parties having waived hearing and assented to an entry of Judgment accepting the Affidavit of Resignation of the lawyer effective on December 20, 2007;

it is ORDERED and ADJUDGED that:

1. The Affidavit of Resignation be accepted and that THEODORE S. GELLER is hereby disbarred from the practice of law in the Commonwealth effective December 20, 2007, and the lawyer's name is forthwith stricken from the Roll of Attorneys.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Judgment, the lawyer shall:

a) file a notice of withdrawal with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Judgment, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b) resign all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to, the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Judgment, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been disbarred; that he is disqualified from acting as a lawyer; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been disbarred and, as a consequence, is disqualified from acting as a lawyer;

e) make available to all clients being represented in pending matters any papers or other property to which they are

entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3. Within twenty-one (21) days after the date of entry of this Judgment, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Judgment and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Judgment any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Judgment or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

4. Within twenty-one (21) days after the entry date of this Judgment, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Judgment;

b) a list of. all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.